UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF FLORIDA

CARMEN DIAZ,

    Plaintiff,                                    Civil Action No. 6:10-cv-213-Orl-28GRJ

vs.

BANK OF AMERICA, a Delaware Corporation,

    Defendant.
_____/

## COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, CARMEN DIAZ, ("DIAZ"), by and through her undersigned counsel, sues Defendant, BANK OF AMERICA, ("BOA"), and states:

## INTRODUCTION

1. This is an action for damages alleging the Defendant discriminated against DIAZ on the basis of national origin and unlawfully retaliated against DIAZ when DIAZ reasonably opposed Defendant's discriminatory treatment.

2. On October 5th, 2008, DIAZ filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) alleging the defendant discriminated against her on the basis of national origin and further committed retaliatory conduct.

3. Because of the work share agreement between the Florida Commission on Human Rights ("FCHR") and the EEOC, Plaintiff's claim was dually filed with the FCHR.

4. On November 4th, 2009, the EEOC issued a "Notice of Suit Rights" letter to DIAZ.

5. DIAZ received the right to sue letter on November 7th, 2009.

6. The ninetieth day after receipt of that letter is February 5th, 2010.

7. This suit is filed within 90 days of receipt of EEOC's right-to-sue letter and is timely.

8. DIAZ has exhausted all administrative procedures prerequisite to bringing suit in this case.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over the case pursuant to 28 U.S.C. §1331 and §1367.

10. This action is authorized and instituted pursuant to Title VII and rights secured by the Civil Rights Act of 1964, as amended in 42 U.S.C. §2000e et seq. and the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.11 (1992)

11. The venue of this action is properly placed in the Middle District of Florida, Orlando Division, pursuant to 28 U.S.C. §1391(b), because the events or employment practices alleged to be unlawful were committed in Orange County, within the jurisdiction of this court.

## PARTIES

12. DIAZ is an individual of Puerto Rican national origin and Hispanic race and is a member of a class of persons protected from discrimination in his employment under Title VII and rights secured by the Civil Rights Act of 1964, as amended in 42 U.S.C. §2000e et seq. and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760.

13. Defendant BOA is a Delaware Corporation who operates branches of its business in Orange County, Florida.

14. At all times material to this action, Defendant BOA operated and exercised control over all branches of its business operating in the state of Florida.

15. At all times material to this action, Defendant, BOA, employed more than fifteen employees and was DIAZ's "employer" within the meaning of Title VII, as amended, 42 U.S.C. §2000(a) to (b).

16. At all times material to this action, DIAZ was an "employee" within the meaning of 42 U.S.C. §2000e.

17. Defendant, BOA, are and were responsible for the acts of its command staff, supervisors and officers, who were acting within the scope of their employment,.

18. During the period of alleged discrimination, JODY STEWART held the position of bank manager of the Silver Star branch and supervised DIAZ.

19. During the period of alleged discrimination, TAMIKA FERGUSON was the supervisor of the tellers and supervised DIAZ.

20. At all times material to this action, until DIAZ complained about STEWART'S discriminatory conduct, DIAZ'S job performance was within the goals of BOA.

## FACTUAL ALLEGATIONS OF DISCRIMINATION

21. DIAZ had been employed as a teller by BOA since March 13th, 2006.

22. Initially, DIAZ was the only Hispanic teller at the branch while another employee, LOUIS CALDERON, was the only Hispanic personal banker.

23. JODY STEWART and TAMIKA FERGUSON were DIAZ'S supervisors when she was discriminated against while she was employed at the Silver Star branch.

24. During the course of her employment with the BOA, DIAZ was continually and repeatedly subjected to severe and pervasive national origin discrimination by STEWART, FERGUSON and other BOA personnel.

25. STEWART, while providing regular evaluations for the rest of the employees, failed to give DIAZ or CALDERON there evaluations in a timely manner causing them to miss additional pay they would have received from merit raises based on the evaluations.

26. Between June and July of 2008, another Hispanic teller, ALEX MARIE was hired.

3

27. Around, July 20th, after ALEX MARIE was hired, STEWART told both DIAZ and ALEX MARIE that they were no longer allowed to speak Spanish at work including their breaks unless a customer specifically asks to speak Spanish.

28. When DIAZ asked for an explanation as to why, STEWART responded, "I don't have to give you an explanation why you are not permitted to speak Spanish, this is not Puerto Rico or Columbia."

29. DIAZ made it clear to STEWART that she opposed the policy.

30. The next day, July 21st, DIAZ asked for a transfer.

31. STEWART denied the transfer and failed to provide DIAZ with a reason why.

32. Exactly one month later, DIAZ was written up by STEWART and FERGUSON for failing to meet performance expectations, specifically failing to have a balance accuracy over 88%.

33. DIAZ disputed this "write-up" because STEWART and FERGUSON used data they knew or should have known was inapplicable to DIAZ.

34. Following this write-up, DIAZ filed a complaint with BOA alleging discrimination by STEWART and FERGUSON.

35. BOA failed to conduct an internal investigation regarding DIAZ'S complaint, in violation of their own Harassment Policy.

## COUNT I

### VIOLATION OF TITLE VII
### DISCRIMINATION BASED ON NATIONAL ORIGIN

36. DIAZ re-alleges every allegation stated in paragraphs 1-35 of this complaint.

37. During the course of DIAZ'S employment with BOA since March 2006, DIAZ has been subjected to a discriminatory, hostile and offensive work environment because of her national origin.

38. DIAZ, and other Hispanic employees were treated differently then non-Hispanic employees by STEWART and FERGUSON.

39. Non-Hispanic employees were given yearly evaluations allowing them to receive merit raises whereas DIAZ and other Hispanic employees were not given timely evaluations.

40. Because of the polices of BOA and its supervisors, DIAZ, and other Hispanic employees, were denied opportunities that were available to non-Hispanic employees, regardless of BOA'S intent.

41. DIAZ, and other Hispanic employees, were required to spend extraordinary amounts of time dealing with customer service issues from Spanish speaking customers and, in doing so, were denied sales opportunities which would have allowed them to get bonuses and be promoted.

42. DIAZ, and other Hispanic employees, was subjected to the conduct referred to in this Complaint because Plaintiff is Hispanic and of Puerto Rican descent.

43. Similarly situated employees who were not Hispanic or of Puerto Rican descent were not subjected to the conduct referred to in this Complaint.

44. As a direct and proximate result of the foregoing, DIAZ has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

45. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff, DIAZ, requests that this honorable court:

    a.    Enter judgment for DIAZ and against BOA for Defendant's willful violations of Title VII;

    b.    Enter judgment for DIAZ and against BOA for Defendant's policies which disparately impacted DIAZ and other Hispanic employees;

    c.    Award DIAZ equitable damages including lost wages, lost benefits, and damages;

    d.    Award DIAZ compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress she has suffered;

    e.    Award DIAZ prejudgment interest;

    f.    Award DIAZ damages for the amount of the costs of litigation and filing, including attorney's fees;

    g.    Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

    h.    DIAZ demands a trial by jury.

## COUNT II

## VIOLATION OF TITLE VII
## RETALIATION

46. DIAZ re-alleges every allegation stated in paragraphs 1-35, 39, and 41 of this complaint.

47. DIAZ, on a number of different occasions, opposed employment practices that she reasonably believed were discriminatory.

48. Defendant, BOA, by and through STEWART and FERGUSON and other supervisory employees, retaliated against DIAZ because of this opposition by denying a transfer from the branch and manufacturing a "write-up" of DIAZ which cost DIAZ a raise and possible future promotions.

49. After DIAZ reported the discrimination and retaliation by STEWART and FERGUSON to the BOA regional office, BOA failed to conduct an internal investigation pursuant to BOA'S Harassment Policy.

50. Because of the aforementioned acts and omissions, BOA committed unlawful reprisal against DIAZ in violation of Title VII, 42 U.S.C.A. § 2000e-3(a).

51. BOA'S wrongful and malicious actions as alleged in the preceding paragraphs caused DIAZ financial injury and mental distress and were done with reckless indifference to DIAZ'S constitutional right to oppose discriminatory practices.

WHEREFORE, DIAZ respectfully requests that this court:

A. Enter judgment for DIAZ and against BOA for the willful retaliation against DIAZ for reporting discriminatory practices;

B. Award DIAZ equitable damages including front pay, back pay, and lost benefits;

C. Award DIAZ compensatory damages under Title VII for embarrassment, anxiety, humiliation, and emotional distress she has suffered;

D. Award DIAZ prejudgment interest;

E. Award DIAZ damages for the amount of the costs of litigation and filing including attorney's fees;

F. Grant such other and farther equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

G. DIAZ demands a trial by jury.

## COUNT III

### VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
### DISCRIMINATION BASED ON NATIONAL ORIGIN

52. DIAZ re-alleges every allegation stated in paragraphs 1-35 of this complaint.

53. During the course of DIAZ'S employment with BOA since March 2006, DIAZ has been subjected to a discriminatory, hostile and offensive work environment because of her national origin.

54. DIAZ, and other Hispanic employees were treated differently then non-Hispanic employees by STEWART and FERGUSON.

55. Non-Hispanic employees were given yearly evaluations allowing them to receive merit raises whereas DIAZ and other Hispanic employees were not given timely evaluations.

56. Because of the polices of BOA and its supervisors, DIAZ, and other Hispanic employees, were denied opportunities that were available to non-Hispanic employees, regardless of BOA'S intent.

57. DIAZ, and other Hispanic employees, were required to spend extraordinary amounts of time dealing with customer service issues from Spanish speaking customers and, in doing so, were denied sales opportunities which would have allowed them to get bonuses and be promoted.

58. DIAZ, and other Hispanic employees, was subjected to the conduct referred to in this Complaint because Plaintiff is Hispanic and of Puerto Rican descent.

59. Similarly situated employees who were not Hispanic or of Puerto Rican descent were not subjected to the conduct referred to in this Complaint.

60. As a direct and proximate result of the foregoing, DIAZ has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

61. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff, DIAZ, requests that this honorable court:

    a.    Enter judgment for DIAZ and against BOA for Defendant's willful violations of the Florida Civil Rights Act;

    b.    Enter judgment for DIAZ and against BOA for Defendant's policies which disparately impacted DIAZ and other Hispanic employees;

    c.    Award DIAZ equitable damages including lost wages, lost benefits, and damages;

    d.    Award DIAZ compensatory damages under the Florida Civil Rights Act for embarrassment, anxiety, humiliation, and emotional distress she has suffered;

    e.    Award DIAZ prejudgment interest;

    f.    Award DIAZ damages for the amount of the costs of litigation and filing, including attorney's fees;

    g.    Grant such other and further equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

## COUNT VII

## VIOLATION OF FLORIDA CIVIL RIGHTS ACT OF 1992
## RETALIATION

62. DIAZ re-alleges every allegation stated in paragraphs 1-35, 55, and 57 of this complaint.

63. DIAZ, on a number of different occasions, opposed employment practices that she reasonably believed were discriminatory.

64. Defendant, BOA, by and through STEWART and FERGUSON and other supervisory employees, retaliated against DIAZ because of this opposition by denying a transfer from the branch and manufacturing a "write-up" of DIAZ which cost DIAZ a raise and possible future promotions.

9

65. After DIAZ reported the discrimination and retaliation by STEWART and FERGUSON to the BOA regional office, BOA failed to conduct an internal investigation pursuant to BOA'S Harassment Policy.

66. Because of the aforementioned acts and omissions, BOA committed unlawful reprisal against DIAZ in violation of § 760.10 Fla. Stat. (1992).

67. BOA'S wrongful and malicious actions as alleged in the preceding paragraphs caused DIAZ financial injury and mental distress and were done with reckless indifference to DIAZ'S constitutional right to oppose discriminatory practices.

WHEREFORE, DIAZ respectfully requests that this court:

H. Enter judgment for DIAZ and against BOA for the willful retaliation against DIAZ for reporting discriminatory practices;

I. Award DIAZ equitable damages including front pay, back pay, and lost benefits;

J. Award DIAZ compensatory damages under the Florida Civil Rights Act for embarrassment, anxiety, humiliation, and emotional distress she has suffered;

K. Award DIAZ prejudgment interest;

L. Award DIAZ damages for the amount of the costs of litigation and filing including attorney's fees;

M. Grant such other and farther equitable relief as this court deems equitable and just and/or available pursuant to Federal Law including punitive damages; and

N. DIAZ demands a trial by jury.

Date: February 4th, 2010

/s/ Michael M. Kest
MICHAEL M. KEST
Florida Bar #27994
ALLEN & MURPHY, P.A.

429 South Keller Road  
Orlando, Florida 32810  
MichaelKest@FloridaTrialLawyer.com  
Telephone: (407) 838-2000  
Facsimile: (407) 838-2022  
Attorney for Plaintiff